UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY
CASE NO.:

ALLIANZ GLOBAL CORPORATE &
SPECIALTY,

    Plaintiff,

    -vs-

SEABOARD MARINE LTD., a/k/a
SEABOARD MARINE LTD., INC.

    Defendant.

_____/

## COMPLAINT

Plaintiff, Allianz Global Corporate & Specialty sues Defendant Seaboard Marine Ltd., a/k/a Seaboard Marine Ltd., Inc., as follows:

### INTRODUCTION

1. This is an Admiralty action for breach of carrier duties under the U.S. Carriage of Goods by Sea Act and the maritime contract of carriage in the amount of $87,500.00, for temperature damage to a consignment of fresh grapes from Houston, Texas to La Guaira, Venezuela.

### PARTIES

2. Plaintiff Allianz Global Corporate & Specialty ("AGCS") is a corporation or other business entity existing in one of the fifty U.S. States with a business office located at 800 South Figueroa St., Los Angeles, California, 90017.

3. AGCS is the subrogated marine cargo insurance underwriter for the Goods that are the subject of this case, and is a real party in interest.

4. Defendant Seaboard Marine Ltd., a/k/a Seaboard Marine Ltd., Inc., ("Seaboard") is a foreign corporation authorized and registered to and doing business in Florida with its headquarters and business office located at 8001 NW 79th Avenue, Miami, FL 33166.

5. Seaboard was at all material times the Carrier of the goods, and issuer of Bill of Lading no. SMLU 2554382A dated October 9, 2010, covering the transportation of the goods from Houston, Texas to La Guaira, Venezuela.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the goods which are the subject of this case, as their respective interests may ultimately appear, and plaintiff is entitled to bring and maintain this case.

## JURISDICTION

7. The Court has jurisdiction over this action pursuant to the Constitutional grant of admiralty and maritime jurisdiction (Article 3, Section 2 of the Constitution of the United States), 28 U.S.C. section 1333 and Rule 9 (h), Federal Rules of Civil Procedure. The Court also has pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim, and the Bill of Lading at issue includes a Forum Selection Clause requiring all lawsuits against Seaboard to be heard exclusively in the United States District Court for the Southern District of Florida.

## VENUE

8. Venue is proper in this Court because the Bill of Lading at issue includes a Forum Selection Clause requiring all lawsuits against Seaboard to be heard exclusively in the United States District Court for the Southern District of Florida.

## FACTS

9. On or about October 9, 2010, Seaboard was tendered, and Seaboard accepted into its care, custody and control, a consignment of 7,700 cases of fresh grapes ("the Goods") for transport from Houston, Texas to La Guaira, Venezuela.

10. The Goods were in good order and condition at the time of their tender to and acceptance by Seaboard into its care, custody and control for transport.

11. On or about October 9, 2010, in consideration of an agreed, prepaid freight rate, Seaboard issued its Bill of Lading No. SMLU 2554382A (the "Bill of Lading") covering the transportation of the Goods from "Place of Receipt", Houston, Texas, to "Place of Delivery," La Guaira, Venezuela.

12. The Bill of Lading contained terms that the Goods were "temp: 32 F."

13. The Goods were contained within ocean shipping Containers Nos. SMLU 5410474, SMLU 5431029, SMLU 5400408, SMLU 5481483, and SMLU 5412348 ("the Containers"), which were supplied by Seaboard, when tendered to and accepted by Seaboard for transport.

14. The Containers were 40-foot refrigerated containers which, at all material times, were owned and/or leased, and maintained by Seaboard and/or one of its affiliated companies.

15. On or about October 9, 2010, Seaboard loaded the Goods within the Containers on board the Vessel M/V HOHERIFF at Houston, Texas for ocean transport.

16. On or about October 23, 2010 the Goods were discharged from the Vessel and delivered to the consignee in La Guaira whereupon the Goods were found to be in damaged condition and not in the same good order and condition as when tendered to and accepted by Seaboard.

17. The cause of the damage to the Goods was failure of the Containers to maintain the required carrying temperature of 32 deg. F.

18. The Containers did not maintain 32 deg Fahrenheit as required and stipulated on the Bill of Lading during the period they were in Seaboard's care, custody and control.

19. Plaintiff's assured, F.C. Bloxom Co., was at all times material the owner of and had an insurable interest in the goods at issue herein and is the Shipper listed on the Seaboard bill of lading.

20. AGCS paid a claim presented to it by its assured, F.C. Bloxom Co., in the amount of $85,000.00 with a $2,500.00 deductible for the damage to the Goods under Policy No. OC 96469600 and, as a result, is subrogated to all rights and interests of its assured and is a real party in interest and is entitled to recover for the damage to the Goods.

## FIRST CAUSE OF ACTION

21. Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth in paragraphs 1 to 20, inclusively.

22. Defendant Seaboard, as carrier, had duties under the Bill of Lading and the U.S. Carriage of Goods by Sea Act ("COGSA") to properly and carefully to load, handle, stow, carry, keep, care for, and discharge the Goods carried in the same good order and condition as when tendered and accepted at Houston, Texas.

23. Defendant Seaboard, as carrier, breached its duties to properly and carefully to load, handle, stow, carry, keep, care for, and discharge the Goods carried in the same good order and condition as when tendered and accepted at Houston, Texas, by the failure to maintain the proper carrying temperature in the Containers.

24. Defendant Seaboard, as carrier, had duties under the Bill of Lading and COGSA to exercise due diligence to make and keep the Vessel seaworthy, properly man, equip, and

supply the Vessel, and make all parts of the Vessel carrying goods fit and safe for their reception, carriage and preservation.

25. Defendant Seaboard, as carrier, breached its duties to exercise due diligence to make and keep the Vessel seaworthy, properly man, equip, and supply the Vessel, and make all parts of the Vessel carrying goods fit and safe for their reception, carriage and preservation.

26. As a direct and proximate cause of Seaboard's breaches and fundamental breaches of their carrier duties under the Bill of Lading and COGSA, plaintiff suffered damages in the amount of $87,500.00, which was not the result of any contributing acts, omissions, negligence or breach of contract on the part of plaintiff.

27. Plaintiff and its insured have performed and have complied with any and all conditions precedent to suit, including timely and proper notice, or any such conditions have been waived and/or excused.

WHEREFORE plaintiff demands judgment against Seaboard in the amount of $87,500.00, plus prejudgment interest, costs, and such other and/or further relief as this Court deems just and proper.

Dated: June 21, 2012

/s/ Peter W. Fudali
PETER W. FUDALI (FL Bar # 437859)
Law Offices of Peter W. Fudali, P.A.
8751 West Broward Boulevard, Suite 106
Fort Lauderdale, FL 33324
Telephone: 954-476-1770
Facsimile: 954-476-1577
Email: Fudali@attglobal.net
*Attorneys for Plaintiff, Alliance Global Corporate & Specialty*